■ JEAN REAVEY, Appellant, v STATE OF NEW YORK, Respondent.—In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (McCabe, J.), dated June 14, 1985, which, after a nonjury trial on the issue of liability, dismissed the claim.

Ordered that the judgment is reversed, with costs, the claimant is awarded judgment against the defendant on the issue of liability, and the matter is remitted to the Court of Claims for a trial on the issue of damages.

We have reviewed the record and conclude that the claimant proved, by a preponderance of the evidence, that the proximate cause of her injuries was the State's breach of its duty to exercise reasonable care to protect patients in State institutions from injury *(see, Killeen v State of New York,* 66 NY2d 850, 851). The claimant, a patient at the Hudson River

Psychiatric Center, sustained her injuries as the result of a fall which occurred while she was being escorted by a therapy aide from one building to another. At the time, the claimant was suffering from severe depression, and her symptoms included psychomotor retardation, which generally slowed her physical movements; and somatic delusions, which impaired her use of her hands. She was receiving antidepressant and antipsychotic medications which produced, as side effects, lethargy, weakness, drowsiness and dizziness. The therapy aide in whose care the claimant was entrusted had also suffered an impairment in the use of one hand as a result of a previous accident. Immediately prior to the incident in question, the aide had walked with the claimant between the two buildings, and her arm interlocked with that of the claimant. However, when they arrived at their destination, the aide left the claimant standing unattended on the steps of the building while she proceeded to open the door. Upon turning around, she saw that the claimant had fallen to the ground.

The State is not an insurer of the patients at its institutions, nor is it obligated to maintain constant surveillance of each of its patients (see, Killeen v State of New York, supra, p 851). However, it does owe a duty of care which is commensurate with the patient's ability to provide for his or her own safety (see, Killeen v State of New York, supra, p 852). Here, it was clearly foreseeable that the claimant, whose ability to provide for her own safety was limited by her illness and by the effects of medication, would fall if left unattended. Hence, the State breached its duty by allowing a single aide with a physical disability to transport the claimant and to leave her, albeit momentarily, unattended.

Accordingly, we reverse the judgment dismissing the claim, award judgment to the claimant on the issue of liability, and remit the case to the Court of Claims for a trial on the issue of damages. Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.