■ THOMAS M. WORTH et al., Appellants, v DEBORAH A. SNYDER et al., Defendants, and FRANK RATHBUN, Respondent. [613 NYS2d 105] —Order unanimously reversed on the law with costs, defendant Rathbun's motion denied and complaint reinstated. Memorandum: This action was commenced to recover for personal injuries sustained by plaintiff Thomas M. Worth (plaintiff) when he was struck by a vehicle operated by defendant Deborah A. Snyder as plaintiff was assisting other individuals in removing from the highway a vehicle operated by defendant Frank Rathbun. Rathbun's vehicle had been disabled as a result of a prior collision with one operated by defendant Techmanski. Plaintiffs appeal from an order of Supreme Court granting the motion of defendant Rathbun for summary judgment dismissing the complaint against him. In dismissing the complaint, the court concluded that Rathbun owed no duty to plaintiff and that Rathbun's negligence, if any, leading to the first collision was not a proximate cause of plaintiff's injuries.

We conclude that there is a triable question of fact whether defendant Rathbun breached a duty owed to plaintiff under the " '[d]anger invites rescue' " doctrine *(Provenzo v Sam,* 23 NY2d 256, 259; *see also, Wagner v International Ry. Co.,* 232 NY 176). There is also a question of fact whether Rathbun's negligence, if any, placed him in a perilous position that invited reasonable rescue attempts on the part of plaintiff *(see, Provenzo v Sam, supra).* Further, there is a triable question of fact whether any negligence on Rathbun's part in causing the first accident was, to the extent that it created an emergency situation to which plaintiff was responding, a proximate cause of plaintiff's injuries *(cf., Betancourt v Manhattan Ford Lincoln Mercury,* 195 AD2d 246; *McMorrow v Trimper,* 149 AD2d 971, 972, *affd* 74 NY2d 830). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.)

Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.