■ GLORIA WILLIS, Respondent-Appellant, v CITY OF NEW YORK et al., Respondents, HEALTHLINE HOME CARE AGENCY, Appellant-Respondent, et al., Defendant. [697 NYS2d 656] —In an action to recover damages for personal injuries, the defendant Healthline Home Care Agency appeals from stated portions of an order of the Supreme Court, Kings County, (Steinhardt, J.), dated April 14, 1998, which, *inter alia*, denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, the defendant City of New York, and the defendant Richmond Home Need Services, Inc., payable by Healthline Home Care Agency.

The plaintiff was stricken with multiple sclerosis and used a walker and wheelchair. The defendant Healthline Home Care Agency (hereinafter Healthline) employed a home health care

aide who was assigned to care for the plaintiff. The plaintiff was injured when a fire broke out in her home. The fire broke out during the aide's working hours, but the aide had left early. There is a factual dispute as to whether the aide was given permission to leave early. The plaintiff alleges that had the aide been present, the aide would have been able to escort her away from the fire and out of the home. Healthline argues that it did not owe a duty to rescue the plaintiff from a fire, that the plaintiff's injuries were not foreseeable, and that the aide's alleged negligence was not a proximate cause of those injuries.

Where a defendant is responsible for caring for an individual, the defendant's abandonment of that individual can result in liability (*see, Reavey v State of New York,* 125 AD2d 656). Here, there is a question of fact as to whether Healthline, through the conduct of its employee, breached the duty of care to the plaintiff and, if so, whether such breach was the proximate cause of the plaintiff's injuries and whether such injuries were foreseeable.

Healthline's remaining contention is unpreserved for appellate review. Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.