■ Iris Villarin et al., Appellants, v Ola Onobanjo, Also Known as Ola Onabanjo, Defendant, and Visiting Nurses Plus, Inc., et al., Respondents. [714 NYS2d 90] —In an action, inter alia, to recover damages for personal injuries and wrongful death, the plaintiffs appeal from (1) an order of the Supreme Court, Richmond County (Mastro, J.), dated June 15, 1999, which granted the motion of the defendants Visiting Nurses Plus, Inc., and Russell Morrison pursuant to CPLR 3211 (a) (7) dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court entered August 2, 1999, dismissing the complaint insofar as asserted against them. The notice of appeal from the order is also deemed to be a notice of appeal from the judgment (see, CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, and the complaint is reinstated insofar as asserted against the respondents; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The individual plaintiffs were members of an extended family living in a rented house on Staten Island that was damaged by fire. The fire took the lives of 17-year-old Jessica Lopez and her stepfather, John Mucci.

John Mucci was allegedly severely disabled and bedridden. He received in-home nursing care provided by the respondent Russell Morrison, an employee of the respondent Visiting Nurses Plus, Inc. It is alleged that on the day of the fire, Morrison left the home one hour before the end of his shift and that the fire, which broke out within that hour, would not have occurred or would have been detected earlier had Morrison remained on duty for his entire shift. In Morrison's absence, Jessica Lopez allegedly died while attempting to rescue her stepfather. Accordingly, the respondents' alleged dereliction of duty is blamed for the plaintiffs' injuries, including the death of Jessica Lopez.

The Supreme Court erred in granting the respondents' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. To determine a motion to dismiss a complaint for failure to state a cause of action, the court must accept the allegations therein as true, and must give them the benefit of every favorable inference (*see, Cron v Hargro Fabrics,* 91 NY2d 362; *Schulman v Chase Manhattan Bank,* 268 AD2d 174; *Veraldi v American Analytical Labs.,* 271 AD2d 599). Application of this standard to the facts alleged as against the respondents demonstrates that the plaintiffs stated viable causes of action for the fire-related injuries they sustained as a result of the respondents' alleged unauthorized abandonment of their physically disabled client (*see, Willis v City of New York,* 266 AD2d 207). The issue of whether the plaintiffs may recover upon the theory of danger invites rescue (*see, Wagner v International Ry. Co.,* 232 NY 176), as well as issues of proximate cause, rest upon factual determinations to be made by a jury (*see, Willis v City of New York, supra; Worth v Snyder,* 204 AD2d 1045; *Bottillo v Poette,* 152 AD2d 840). Ritter, J. P., S. Miller, Friedmann and Florio, JJ., concur.