■ MARGARET ESPOSITO, Appellant, v PERSONAL TOUCH HOME CARE, INC., Respondent. [733 NYS2d 468] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss,

J.), dated January 4, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The Supreme Court improperly granted the defendant's motion for summary judgment, as the defendant failed to establish its entitlement to judgment as a matter of law. The plaintiff's decedent, who was stricken with multiple sclerosis and used a walker and wheelchair, allegedly sustained injuries when he fell in front of the entrance to the bathroom in his home. At the time of the incident, the defendant's employee, a home health care aide, was assigned to care for the plaintiff's decedent. Where a defendant is responsible for caring for an individual, the defendant's abandonment of that individual can result in liability (see, Willis v City of New York, 266 AD2d 207, 208; Reavey v State of New York, 125 AD2d 656). There are triable issues of fact as to whether the defendant breached its duty of care to the plaintiff's decedent by leaving him unattended while he went to the bathroom (see, Reavey v State of New York, supra). Therefore, the defendant's motion for summary judgment should have been denied. Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.