■ GISELA PUNGELLO et al., Appellants, v WINDOW NETWORK, LLC, et al., Defendants, et al., Respondents. (And a Third-Party Action.) [958 NYS2d 729]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated August 5, 2011, as granted that branch of the motion of the defendants James DeCarvalho and Antonia DeCarvalho which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants James DeCarvalho and Antonia DeCarvalho which was for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiffs Gisela Pungello and Joseph Pungello rented an apartment in Mineola from the defendants Antonia DeCarvalho and James DeCarvalho. In 2007, at the plaintiffs' request, Antonia agreed to replace the windows in the apartment. She hired the defendant Window Network, LLC, to replace the windows. Antonia testified at her deposition that she was there with Joseph when the new windows were installed, and that she watched the installation. Gisela was not present. Joseph testified at his deposition that the night after the new windows were installed he told Antonia that one of the windows "seem[ed] to be a little cockeyed." Gisela was later injured when the sash of that window fell on her while she was sitting next to it. She had no recollection of the accident, and stated at her deposition that neither she nor her husband had made any complaints about the window before the accident.

The plaintiffs commenced this action against, among others, the DeCarvalhos, seeking to recover damages for Gisela's injuries. The DeCarvalhos moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, submitting Gisela's deposition testimony in support. In opposition, the plaintiffs introduced Joseph's deposition testimony, and the affidavit of professional engineer Daniel Haines, who stated that he inspected the window at issue, and that its crooked installation caused the window to become dislodged. The Supreme Court granted that branch of the DeCarvalhos' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

An owner of premises cannot be held liable for injuries caused by an allegedly defective condition unless the plaintiff establishes that the owner either created or had actual or constructive notice of the condition (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Here, the DeCarvalhos demonstrated their prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of Gisela, who testified that neither she nor her husband had made any complaint about the subject window.

However, the plaintiffs raised a triable issue of fact in opposition by submitting the deposition testimony of Joseph and the affidavit of the professional engineer. This evidence raised a triable issue of fact as to whether the crooked installation of the window was a defective condition, and as to whether the DeCarvalhos had actual notice of that condition (see Gleason v City of New York, 68 AD3d 1054, 1056 [2009]; Radnay v 1036 Park Corp., 17 AD3d 106, 107-108 [2005]; cf. Joseph v Hemlok Realty Corp., 6 AD3d 392, 393 [2004]; see generally Stukas v Streiter, 83 AD3d 18, 24 [2011]).

Therefore, the Supreme Court should have denied that branch of the DeCarvalhos' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Dillon, Hall and Miller, JJ., concur.