In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (James J. Golia, J.), dated December 5, 2011, as, upon renewal, granted those branches of the defendants’ separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiffs father (hereinafter the decedent) sustained a brain injury in 1989 and was enrolled in the New York State Department of Health Traumatic Brain Injury Medicaid Program, which provides services through qualified service provider programs for individuals afflicted with traumatic brain injury. The defendant Gallub Services for TBI, Inc. (hereinafter Gallub), acted as the decedent’s service coordinator. The defendant All Metro Health Care (hereinafter All Metro), provided the decedent with home and community support services, which included, among other things, a home aide during specified hours. On July 25, 2006, the decedent left his home in Queens to attend a doctor’s appointment in Manhattan, and he was struck and killed by an automobile in Manhattan. The plaintiff commenced this action, inter alia, to recover damages for wrong *743 ful death, alleging that the defendants negligently failed to supervise the decedent, causing his injuries and death. The plaintiff alleged that the defendants failed to direct the home aide to accompany the decedent from his Queens home to the doctor’s appointment in Manhattan on the day of the accident. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. Upon renewal, the Supreme Court granted the motions.
“Where a defendant is responsible for caring for an individual, the defendant’s abandonment of that individual can result in liability” (Esposito v Personal Touch Home Care, 288 AD2d 337, 338 [2001]). Contrary to the plaintiff’s contention, the defendants met their initial burden of demonstrating their prima facie entitlement to judgment as a matter of law with evidence showing, inter alia, that they did not breach any duty of care to the decedent, and that, in any event, any alleged negligence on their part was not a proximate cause of the decedent’s death, but instead, merely furnished the opportunity for the accident (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314-316 [1980]; Pironti v Leary, 42 AD3d 487, 489-490 [2007]; Albano v Brooklyn Union Gas Co., 288 AD2d 246 [2001]; see also Mariano v New York City Tr. Auth., 38 AD3d 236 [2007]; Law v New York City Tr. Auth., 279 AD2d 325 [2001]). The defendants’ submissions established, among other things, that the decedent’s service plan did not require him to have a home aide accompany him to all doctor’s appointments, that he was capable of traveling independently, and that he had previously left for doctor’s appointments outside of his home aide’s scheduled hours. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the home aide’s failure to accompany the decedent to the subject doctor’s appointment constituted a breach of the defendants’ duty of care to the decedent, or whether any such breach was a proximate cause of the accident (see Zuckerman v City of New York, 49 NY2d 557 [1980]). The plaintiff’s proffered expert opinion in this regard was conclusory and unsupported by the facts (see Klein v Argoff, 101 AD3d 1090, 1091-1092 [2012]; Kaplan v Hamilton Med. Assoc., 262 AD2d 609 [1999]).
Contrary to the plaintiffs contention, the Supreme Court did not improvidently exercise its discretion in considering the defendants’ proffered expert opinions (cf. Galasso v 400 Exec. Blvd., LLC, 101 AD3d 677 [2012]).
The plaintiffs remaining contention is without merit.
Accordingly, upon renewal, the Supreme Court correctly granted the defendants’ separate motions for summary judg *744 ment dismissing the complaint insofar as asserted against each of them. Dillon, J.P., Chambers, Roman and Cohen, JJ, concur.