■ TAMPARA JACKSON, as Administrator of the Estate of ELSIE TURNER, Deceased, Respondent, v HAPPY CARE AMBULETTE, INC., Appellant, et al., Defendants. [40 NYS3d 109]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 10, 2015, which denied the motion of defendant Happy Care Ambulette, Inc. (Happy Care) for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

Plaintiff's decedent fell when, while being assisted to dialysis treatment by Happy Care's ambulette driver, the driver left the decedent unattended so as to open a door. The record shows that Happy Care failed to demonstrate prima facie that its negligence was not a proximate cause of the decedent's fall. The ambulette driver testified that the decedent sometimes used a wheelchair, and her daughter stated that she had informed the regular driver that the decedent required assistance at all times. Accordingly, triable issues of fact exist as to whether it was foreseeable that if the decedent were left unattended, however briefly, she might fall due to her physical limitations (*see Reavey v State of New York*, 125 AD2d 656 [2d Dept 1986]). Furthermore, Happy Care failed to conclusively show that it was not "more likely" or "more reasonable" that the alleged injuries were caused by its negligence than by some other agency (*Gayle v City of New York*, 92 NY2d 936, 937 [1998] [internal quotation marks omitted]).

We have considered Happy Care's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Kahn and Gesmer, JJ.