Ward v New Century Home Care, Inc. (2019 NY Slip Op 04222)





Ward v New Century Home Care, Inc.


2019 NY Slip Op 04222


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-08510
 (Index No. 8044/15)

[*1]Daisy C. Ward, etc., appellant, 
v
New Century Home Care, Inc., respondent.


Segal & Lax, P.C., New York, NY (Patrick D. Gatti of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Judy C. Selmeci of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated June 20, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff's decedent, who was 87 years old at the time of the accident at issue, suffered from several medical conditions, including osteoarthrosis. The decedent had a plan of care, and two home health aides employed by the defendant were assigned to care for the decedent and his son, who lived with the decedent, every day during specific hours. The decedent allegedly sustained injuries, from which he subsequently died, when he fell in his home one morning. On the day of the accident, the regularly assigned home health aide who covered the morning shift was absent due to a scheduling conflict, and the defendant was unable to arrange for a replacement until after the alleged accident occurred.
The plaintiff commenced this action, inter alia, to recover damages for wrongful death, alleging that the defendant negligently failed to supervise the decedent, causing his injuries and subsequent death. The defendant moved for summary judgment dismissing the complaint, contending that it did not breach its duty of care and that, in any event, any negligence on its part did not proximately cause the decedent's injuries. The plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion as academic. The plaintiff appeals.
" Where a defendant is responsible for caring for an individual, the defendant's abandonment of that individual can result in liability'" (Garcia v All Metro Health Care, 108 AD3d 742, 743, quoting Esposito v Personal Touch Home Care, 288 AD2d 337, 338; see Auer v Affiliated Home Care of Putnam, Inc., 63 AD3d 972, 972; Willis v City of New York, 266 AD2d 207, 208). Here, contrary to the plaintiff's contention, the defendant established, prima facie, that any negligence on its part did not proximately cause the decedent's injuries (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Garcia v All Metro Health Care, 108 AD3d at 743). The defendant's [*2]submissions demonstrated, inter alia, that the decedent did not require constant supervision; was never determined to be a fall risk; and that, even during service hours when a home health aide was present, the decedent did not require assistance to transfer to and from bed or a chair, and was capable of ambulating with only the assistance of a cane. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the home health aide's absence proximately caused the decedent's fall (see Alvarez v Prospect Hosp., 68 NY2d at 324; Garcia v All Metro Health Care, 108 AD3d at 743). The plaintiff relied on outdated medical records, self-serving affidavits which contradicted prior sworn testimony, and speculation as to the cause of the decedent's fall, which were insufficient to defeat the defendant's motion for summary judgment (see Smalls v Adams, 118 AD3d 693, 695; Perez v Grace Episcopal Church, 6 AD3d 596, 596).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint and denying, as academic, the plaintiff's cross motion for summary judgment on the issue of liability.
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court