Calderon v Cruzate (2019 NY Slip Op 06377)





Calderon v Cruzate


2019 NY Slip Op 06377


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-06774
 (Index No. 9569/12)

[*1]Santiago Calderon, etc., appellant, 
v
Carlos Cruzate, Sr., et al., respondents, et al., defendant.


Sacks & Muccini, LLC, Douglaston, NY (Edward J. Muccini of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent Carlos Cruzate, Sr.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent Port Jefferson Cesspool Service, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated April 28, 2016. The order granted the separate motions of the defendants Carlos Cruzate, Sr., and Port Jefferson Cesspool Service, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendants Carlos Cruzate, Sr., and Port Jefferson Cesspool Service, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
This action arises from tragic events that occurred on June 1, 2011. Edgar Ivan Calderon Castro (hereinafter Castro), who was 19 years old at the time, was visiting his friend Samuel Suarez at a home rented by Suarez's family. Castro, Suarez, and another teenager, Eduardo Fuentes, planned to build a campfire in the backyard of this home. In order to do so, they decided to move one of two pieces of cement in the backyard of the home which, unbeknownst to them, were cesspool covers. The cover they attempted to move was approximately 36 inches in diameter and approximately 3 inches thick, and weighed approximately 125 to 150 pounds. The cover was not buried beneath the surface of the ground.
According to Suarez, one side of the cover was higher than the other side, which made it possible for Suarez to get his fingers underneath the cesspool cover and lift one side of the cover up to his knees. Fuentes attempted to help Suarez lift the cover, and Fuentes fell into the cesspool below. The cover fell back onto the opening of the cesspool, but Suarez was able to move it to the side on his own. Fuentes managed to grab hold of the side of the cesspool, but then it appeared to Suarez that Fuentes "fell asleep." Suarez believed that Fuentes passed out due to fear, but the plaintiff's expert stated in an affidavit that he actually was asphyxiated by fumes resulting from hazardous chemicals that had been poured into the cesspool when it was serviced the day [*2]before.
Castro, in an attempt to rescue Fuentes, jumped into the cesspool after him. He was able to pick up Fuentes and hold a hose that Suarez threw into the cesspool, but then he too appeared to "fall asleep." Both Fuentes and Castro died from asphyxiation as a result of this incident.
The plaintiff, as administrator of Castro's estate, commenced this action to recover damages against Carlos Cruzate, Sr., the owner of the home rented by the Suarez family, Port Jefferson Cesspool Service, Inc. (hereinafter Port Jefferson Cesspool), which had serviced the cesspool the day before the incident, and Ignacio Suarez, the father of Samuel Suarez. A default judgment was entered against Ignacio Suarez. Cruzate and Port Jefferson Cesspool joined issue and separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted both motions in an order dated April 28, 2016. The plaintiff appeals.
We disagree with the Supreme Court's determination granting Cruzate's motion for summary judgment. "A landowner has a duty to maintain his or her premises in a reasonably safe manner" (Tavarez v Pistilli Assocs. III, LLC, 161 AD3d 1129, 1130; see Behrens v North Merrick Fruits, Inc, 148 AD3d 972, 973). " In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence'" (Haxhia v Varanelli, 170 AD3d 679, 681, quoting Lezama v 34-15 Parsons Blvd., LLC, 16 AD3d 560, 560; see Wilks v City of New York, 144 AD3d 673, 674). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case' and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977, quoting Guerrieri v Summa, 193 AD2d 647 [citations omitted]; see Touloupis v Sears, Roebuck & Co, 155 AD3d 807, 808; Wilks v City of New York, 144 AD3d at 674).
Here, Cruzate established, prima facie, that the cesspool cover was not in a defective condition. He submitted, inter alia, a transcript of the deposition testimony of the principal of Port Jefferson Cesspool, who testified that when he serviced the cesspool the day before the incident, the cover was safe and functioning properly. Port Jefferson Cesspool's principal also testified that after he serviced the cesspool, he replaced the cover, checked to make sure it was in the same position as it had been earlier, and replaced the dirt that he had removed from around the cover.
In opposition, however, the plaintiff raised a triable issue of fact as to whether the cesspool cover was in a defective condition because Port Jefferson Cesspool had improperly replaced it after servicing the cesspool, enabling Suarez to get his fingers underneath the cover and lift it (see Pungello v Window Network, LLC, 102 AD3d 850, 851; Solomon v Loszynski, 21 AD3d 366, 367). The plaintiff submitted the affidavit of his expert, who opined that, on the date of the accident, the cover was not secure to the ground. According to the expert, there was soil between the cover and the cesspool, so that the cover did not rest firmly on the cesspool, which was a substantial factor in the deaths of Castro and Fuentes. Moreover, Cruzate testified that he hired Port Jefferson Cesspool to service the cesspool, supervised the work, observed Port Jefferson Cesspool lift the cesspool cover, and was present when the work was completed. Therefore, there are triable issues of fact as to whether Cruzate had actual or constructive notice of the allegedly defective condition of the cesspool cover (see Kerzhner v New York City Tr. Auth., 170 AD3d 982, 983; Mustafaj v Macri, 162 AD3d 891, 892).
We also disagree with the Supreme Court's determination granting Port Jefferson Cesspool's motion for summary judgment. "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., Inc., 98 NY2d 136, 138). However, an exception exists where "the contracting party, in failing to exercise reasonable care in the performance of contractual duties, launches a force or instrument of harm" and "creat[es] or exacerbat[es] the [potentially] dangerous condition" (Santos v Deanco Services, Inc., 142 AD3d 137, 140; see Guerrero v Commander Elec., Inc., 170 AD3d 675; Reisert [*3]v Mayne Constr. of Long Is., Inc., 165 AD3d 854, 856).
Here, Port Jefferson Cesspool made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence that Castro was not a party to its contract with Cruzate and, thus, it did not owe Castro a duty of care (see Reisert v Mayne Constr. of Long Is., Inc., 165 AD3d at 855). However, the plaintiff raised a triable issue of fact as to whether Port Jefferson Cesspool launched a force of harm and created a dangerous condition by improperly replacing the cement cover after servicing the cesspool (see generally Espinal v Melville Snow Contrs., 98 NY2d 136). The plaintiff's expert opined, as discussed above, that there was soil between the cover and the cesspool, so that the cover did not rest firmly on the cesspool, and that this was a substantial factor in the deaths of Castro and Fuentes.
Furthermore, contrary to the defendants' contention, whether the condition of the cesspool cover was a proximate cause of Castro's death was an issue for the jury to resolve. It cannot be said as a matter of law that Castro's actions were a superceding cause which interrupted the link between Cruzate's and Port Jefferson Cesspool's potential negligence and Castro's injuries (see Derdiarian v Felix Contr. Corp., 51 NY2d 308; Wagner v International Ry. Co., 232 NY 176, 180-181). Further, the fact that Castro decided to jump into the cesspool in an attempt to save his friend does not necessarily act as a bar to recovery. In 1921, the Court of Appeals, in an opinion by Judge Benjamin Cardozo, established that, with regard to the principle of foreseeability, "[d]anger invites rescue. . . . The wrong that imperils life is a wrong to the imperiled victim; it is also a wrong to his rescuer" (Wagner v International Ry. Co., 232 NY at 180; see Guarino v Mine Safety Appliance Co., 25 NY2d 460; Villarin v Onobanjo, 276 AD2d 479). This principle applies where "the actions of the injured person were reasonable in view of the emergency situation," that is, where the rescuer "acted as a reasonably prudent person would act in the same situation, even if it later appears that the rescuer did not make the safest choice or exercise the best judgment" (PJI 2:13; see Wagner v International Ry. Co., 232 NY at 182). Thus, the liability of Cruzate and Port Jefferson Cesspool, and any issues of comparative negligence on the part of Castro, are issues for the jury to resolve (see generally CPLR 1411; Rodriguez v City of New York, 31 NY3d 312, 320).
Accordingly, the Supreme Court should have denied the motions of Cruzate and Port Jefferson Cesspool for summary judgment dismissing the complaint insofar as asserted against each of them.
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court