Tanzman v Ghislaine (2022 NY Slip Op 03138)





Tanzman v Ghislaine


2022 NY Slip Op 03138


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2019-04611
 (Index No. 9699/14)

[*1]Lorraine Tanzman, etc., appellant, 
v
Antoine Ghislaine, et al., respondents, et al., defendants.


Krentsel Guzman Herbert, LLP, New York, NY (Marcia Raicus and Tara Talmadge of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Roland T. Koke and Judy C. Selmeci of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated March 11, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendants Antoine Ghislaine, New Century Home Care, and Guildnet which were for summary judgment dismissing the causes of action alleging negligence, wrongful death, medical malpractice, and lack of informed consent insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 29, 2013, at approximately 2:30 a.m., the plaintiff's decedent, Ann Guidice (hereinafter the decedent), who was 87 years old at the time, allegedly sustained injuries when she fell in her bedroom. At the time of the incident, the defendant Antoine Ghislaine, a home health aide employed by the defendant New Century Home Care, was assigned to care for the decedent and was in a separate bedroom provided by the decedent's family during the overnight hours.
The plaintiff, as the administrator of the decedent's estate, commenced this action against, among others, Ghislaine, New Century Home Care, and the defendant Guildnet, the managed long-term care insurer (hereinafter collectively the defendants). The defendants moved, inter alia, for summary judgment dismissing the causes of action alleging negligence, wrongful death, medical malpractice, and lack of informed consent insofar as asserted against them. In an order dated March 11, 2019, the Supreme Court, among other things, granted those branches of the motion, and the plaintiff appeals.
"Where a defendant is responsible for caring for an individual, the defendant's abandonment of that individual can result in liability" (Willis v City of New York, 266 AD2d 207, 208). Here, contrary to the plaintiff's contention, the defendants established, prima facie, that they did not have a duty to monitor the decedent continuously throughout the night (see 18 NYCRR 505.14[a][4]), and that any alleged breach of duty was not a proximate cause of the decedent's injuries (see Garcia v All Metro Health Care, 108 AD3d 742, 743). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants breached a duty to the decedent and [*2]whether Ghislaine proximately caused the decedent's fall (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Garcia v All Metro Health Care, 108 AD3d at 743).
The defendants established their entitlement to summary judgment dismissing the medical malpractice and lack of informed consent causes of action insofar as asserted against them, as there was no evidence that there was a physician-patient relationship between the defendants and the decedent (see Figueroa-Burgos v Bieniewicz, 135 AD3d 810, 811; Heller v Peekskill Community Hosp., 198 AD2d 265).
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging negligence, wrongful death, medical malpractice, and lack of informed consent insofar as asserted against them.
IANNACCI, J.P., ROMAN, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court