Hamilton v Premier Home Health Care Servs., Inc.

2026 NY Slip Op 02199

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Vickie Hamilton, Individually and as Administratrix of the Estate of Mattie H. Metcalfe, Plaintiff-Respondent,

v

Premier Home Health Care Services, Inc., Defendant-Appellant, Marianna Diallo, Defendant.

Decided and Entered: April 14, 2026

Index No. 22046/19|Appeal No. 5966|Case No. 2025-00694|

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ.

Gallardo Levin Reiter & Rogers, LLP, Jericho (Jenna L. Fierstein of counsel), for appellant.

Sinel & Olesen, PLLC, New York (Thomas Torto of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about January 28, 2025, which denied the motion of defendant Premier Home Health Care Services, Inc. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Defendant Premier Home Health Care Services, Inc., a provider of home health care services, failed to meet its initial burden of establishing entitlement to summary judgment as a matter of law (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; see also Esposito v Personal Touch Home Care, 288 AD2d 337, 338 [2d Dept 2001]). Supreme Court properly concluded that defendant's own submissions created questions of fact, including when and how decedent's alleged fall took place, whether defendant abandoned decedent or otherwise breached its duty of care, and whether any such breach was the proximate cause of decedent's injuries (see Esposito, 288 AD2d at 338). Even defendant's expert did not conclude that the decedent did not fall; rather, she conceded that "whether the decedent actually fell" was "in question."

Defendant argued, based on our decision in Soto v Assisted Care Home Attendants Program (66 AD3d 530, 530 [1st Dept 2009]), that it established its prima facie case by citing plaintiff's deposition testimony that she did not witness plaintiff's fall and that she lacked personal knowledge as to how the fall occurred. We disagree. In Soto, plaintiff alleged that decedent was injured when she fell out of bed due to her home health aide's alleged negligence (id.). This Court affirmed the motion court's dismissal of the complaint on the grounds that plaintiff had not witnessed the incident and provided no admissible evidence raising questions of fact in opposition to the summary judgment motion (see Soto, 2008 WL 9453487 *3 [Sup Ct, Bronx County 2008]). Here, while plaintiff concedes that she did not witness the fall herself, the decedent's aide described the fall to her in a phone conversation in the immediate aftermath of the incident. The certified medical records report similar statements by the aide and indicate that the aide witnessed the fall. These statements taken together were sufficient to create factual issues as to how the fall occurred, and whether the decedent's aide witnessed the incident. In addition, a CT scan performed two days after the alleged fall revealed a right extra-axial acute hematoma, creating a question of fact as to the effect of the fall on decedent.

In short, the record is replete with factual issues surrounding the circumstances of the alleged fall and decedent's injuries. Under these circumstances, defendant's summary judgment motion was properly denied.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026