Simone v Blanco
2026 NY Slip Op 03695
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Lydia A. Simone, etc., appellant,
v
Maria Blanco, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2022-05788, (Index No. 150396/19)
Angela G. Iannacci, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Mark M. Basichas & Associates, P.C., New York, NY (Aleksey Feygin of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski and Michael Troiano of counsel), for respondents Maria Blanco and Life Care Services, Inc.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Lori R. Semlies, Judy C. Selmeci, and Steven V. DeBraccio of counsel), for respondent Elderserve Health, Inc.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated July 19, 2022. The order granted the separate motions of the defendants Maria Blanco and Life Care Services, Inc., and the defendant Elderserve Health, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the separate motions of the defendants Maria Blanco and Life Care Services, Inc., and the defendant Elderserve Health, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
On June 21, 2018, at approximately 4:00 a.m., Lydia Ransier (hereinafter the decedent), who was 79 years old at the time, allegedly sustained injuries when she fell, and those injuries allegedly resulted in her death. At the time of the incident, the defendant Maria Blanco, a home health aide employed by the defendant Life Care Services, Inc. (hereinafter Life Care), was assigned to care for the decedent and was in a separate bedroom provided by the decedent's family during the overnight hours. Life Care implemented a care plan set by the defendant Elderserve Health, Inc. (hereinafter Elderserve), which was the managed long-term care insurer.
The plaintiff, as executor of the decedent's estate, commenced this action to recover damages for personal injuries and wrongful death against Blanco, Life Care, and Elderserve. Blanco and Life Serve moved, and Elderserve separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated July 19, 2022, the Supreme Court granted the separate motions. The plaintiff appeals.
"Where a defendant is responsible for caring for an individual, the defendant's abandonment of that individual can result in liability" (Willis v City of New York, 266 AD2d 207, 208; see Tanzman v Ghislaine, 205 AD3d 837, 837). Here, in opposition to the prima facie showing of Blanco and Life Care, contrary to the Supreme Court's determination, the plaintiff raised triable issues of fact concerning causation (see Willis v City of New York, 266 AD2d at 208; cf. Tanzman v Ghislaine, 205 AD3d at 838). The opinion of the plaintiff's expert was supported by the record and, therefore, was not speculative or conclusory and raised triable issues of fact (see Darrisaw v Interfaith Med. Ctr., 238 AD3d 1111, 1113; Wiater v Lewis, 197 AD3d 782, 783). Accordingly, the Supreme Court should have denied the motion of Blanco and Life Care for summary judgment dismissing the complaint insofar as asserted against them.
Further, Elderserve failed to establish its prima facie entitlement to judgment as a matter of law. It failed to submit evidence establishing that its alleged negligence did not, as a matter of law, proximately cause the decedent's death. Since Elderserve failed to meet its prima facie burden on its motion for summary judgment dismissing the complaint insofar as asserted against it, the Supreme Court should have denied that motion without regard to the sufficiency of the opposition papers (see Winegard v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court