■ Kyle Tinney et al., Respondents-Appellants, v City of New York et al., Appellants-Respondents. [941 NYS2d 571]—

Order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered December 28, 2009, which denied the motion by defendants the City of New York, New York City Police Department, New York City Department of Health, New York City Medical Examiner's Office of the Department of Health (collectively, the City) for summary judgment dismissing the complaint, and denied the cross motion by plaintiffs for summary judgment, unanimously modified, on the law, to grant plaintiffs' motion for summary judgment on the issue of liability, and remand the case to the IAS court for further proceedings, and otherwise affirmed, without costs.

Plaintiffs' action is not time-barred by General Municipal Law § 50-i (1) (c). As we have previously held, a cause of action for the right of sepulcher "does not accrue until interference with the right directly impacts on the 'solace and comfort' of the next of kin—that is, until interference causes mental anguish for the next of kin" (*Melfi v Mount Sinai Hosp.*, 64

AD3d 26, 32 [2009]). The next of kin's mental anguish cannot arise until he or she became aware of defendant's actions—in this case, in February 2006 when plaintiffs first discovered the facts underlying this action including learning for the first time that their father was dead (*id.*; *see also Johnson v State of New York*, 37 NY2d 378 [1975]).

In addition, under the circumstances presented in this case, where defendant had all the necessary identifying documents, the act claimed to be omitted is a ministerial, as opposed to a discretionary, function. Therefore, the City is not shielded from liability on the ground that the allegedly tortious acts were discretionary (*see McLean v City of New York*, 12 NY3d 194, 202 [2009]; *see also Garrett v Holiday Inns*, 58 NY2d 253, 263 [1983]; *cf. Valdez v City of New York*, 18 NY3d 69 [2011]). We further find that the City's omissions give rise in this action to liability for loss of the right to sepulcher (*Shipley v City of New York*, 80 AD3d 171 [2010]). Moreover, no further factual development would shed any light on this case, at least not with respect to liability, and therefore, plaintiffs' motion for summary judgment should have been granted on the issue of liability. Concur—Friedman, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ.