Fox v Mark (2020 NY Slip Op 01477)





Fox v Mark


2020 NY Slip Op 01477


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-02781
2019-14257
 (Index No. 500022/11)

[*1]Alen Fox, Jr., etc., et al., appellants,
v
Dionne Mark, et al., defendants, New York Health Care, Inc., et al., respondents.


Silberstein Awad & Miklos, P.C., Garden City, NY (Robert A. Miklos and Susan B. Eisner of counsel), for appellants.
Kaufman, Dolowich & Voluck, LLP, New York, NY (Kenneth B. Danielsen and Nicole Christman of counsel), for respondent New York Health Care, Inc.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci and Emily L. Fernandez of counsel), for respondents Jude Jean, Ninel Mayman, and CNR Health Care Network, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for loss of sepulcher, gross negligence, and negligent infliction of emotional distress, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated December 20, 2016, and (2) a judgment of the same court entered December 4, 2017. The order, insofar as appealed from, granted those branches of the separate motions of the defendant New York Health Care, Inc., and the defendants Jude Jean, Ninel Mayman, and CNR Health Care Network, Inc., which were for summary judgment dismissing the causes of action to recover damages for loss of sepulcher, gross negligence, and negligent infliction of emotional distress insofar as asserted against each of them, and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on those causes of action insofar as asserted against those defendants. The judgment, upon so much of the order as granted that branch of the motion of the defendants Jude Jean, Ninel Mayman, and CNR Health Care Network, Inc., which was for summary judgment dismissing the causes of action to recover damages for loss of sepulcher, gross negligence, and negligent infliction of emotional distress insofar as asserted against them, is in favor of those defendants and against the plaintiffs dismissing the complaint insofar as asserted against those defendants. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501[c]).
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants Jude Jean, Ninel Mayman, and CNR Health Care Network, Inc., which was for summary judgment dismissing the causes of action to recover damages for loss of sepulcher, gross negligence, and negligent infliction of emotional distress insofar as asserted against them, and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on those causes of action insofar as asserted against those defendants is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The appeal from so much of the order as granted that branch of the motion of the defendants Jude Jean, Ninel Mayman, and CNR Health Care Network, Inc., which was for summary judgment dismissing the causes of action to recover damages for loss of sepulcher, gross negligence, and negligent infliction of emotional distress insofar as asserted against them, and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on those causes of action insofar as asserted against those defendants must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action with respect to those defendants (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from those portions of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
Ruth Ann Fox (hereinafter the decedent) was the recipient of home health aide services. The defendant CNR Health Care Network, Inc. (hereinafter CNR), was the home health care provider for the decedent. CNR had an agreement with the defendant New York Health Care, Inc. (hereinafter NYHC), whereby NYHC would provide home health aide services to CNR's patients, including the decedent.
On the morning of January 26, 2009, the defendant Dionne Mark, a home health aide employed by NYHC who provided services to the decedent every weekday from 9:00 a.m. until 3:00 p.m., reported to the decedent's apartment and knocked on the door. When nobody answered, she telephoned the decedent, but no one answered the phone. Mark—who did not have a key to the decedent's apartment—contacted her coordinator at NYHC, Shaquana Dowling. Dowling, in turn, called the defendant Jude Jean, a service manager at CNR. Jean then emailed the nurse care manager assigned to the decedent, the defendant Ninel Mayman, to see if she knew where the decedent was. Ultimately, Jean gave Mark permission to leave after some time, which Mark did. Later that evening, the decedent's son, the plaintiff Alen Fox, Jr. (hereinafter Fox), visited the decedent. According to Fox, the decedent seemed alert and aware when he visited her, and fully capable of using a phone.
It is undisputed that the decedent died between the time Fox left her on the evening of January 26, 2009, and 4:39 a.m. the next morning.
At approximately 9:00 a.m. on January 27, 2009, Mark returned to the decedent's apartment, but again received no response to her knocks on the door or her phone call. As had occurred the previous day, Mark called Dowling, Dowling called Jean, and Jean contacted Mayman, who told Jean to place the decedent's services on hold. Mark was eventually told that she could go home and did not have to return the next day.
On the afternoon of January 28, 2009, in response to phone calls from his sisters expressing concern that they had not been able to get in touch with the decedent, Fox, along with his wife, the plaintiff Vivienne Simpson-Fox, went to the decedent's apartment. Fox knocked on the door, but there was no answer. He used his spare key to open the door, but the security chain on the door was fastened. After kicking the door open, he found the decedent laying in bed, deceased, with her body swollen.
The plaintiffs commenced this action on January 18, 2011. Insofar as relevant to this appeal, the plaintiffs alleged that NYHC and its employees Mark and Dowling, and CNR and its employees (hereinafter collectively the CNR defendants), improperly failed to contact him, as the decedent's emergency contact, when they were unable to gain access to her apartment. In pertinent part, the plaintiffs asserted causes of action to recover damages for loss of sepulcher, gross negligence, and negligent infliction of emotional distress. After issue was joined, the plaintiffs stipulated to dismiss the complaint insofar as asserted against Mark and Dowling, NYHC's employees. Thereafter, NYHC and the CNR defendants separately moved, inter alia, for summary judgment dismissing those causes of action insofar as asserted against each of them. The plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability on the same three causes of [*2]action insofar as asserted against NYHC and the CNR defendants. The Supreme Court, inter alia, denied the plaintiffs' cross motion and granted NYHC's and the CNR defendants' motions. The plaintiffs appeal.
We agree with the Supreme Court's determination to grant those branches of NYHC's and the CNR defendants' motions which were for summary judgment dismissing the cause of action to recover damages for loss of sepulcher insofar as asserted against each of them, and to deny that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against NYHC and the CNR defendants. "The common-law right of sepulcher affords the deceased's next of kin an absolute right to the immediate possession of a decedent's body for preservation and burial . . . and damages may be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body" (Shipley v City of New York, 25 NY3d 645, 653 [internal quotation marks omitted]; see Martin v Ability Beyond Disability, 153 AD3d 695, 696-697). "Interference can arise either by unauthorized autopsy or by disposing of the remains inadvertently, or . . . by failure to notify the next of kin" (Melfi v Mount Sinai Hosp., 64 AD3d 26, 39 [citations omitted]). "The right itself is less a quasi-property right and more the legal right of the surviving next of kin to find solace and comfort in the ritual of [the] burial" (Shipley v City of New York, 25 NY3d at 653 [internal quotation marks omitted]; see Martin v Ability Beyond Disability, 153 AD3d at 697).
Here, it is undisputed that NYHC and the CNR defendants never had possession of the decedent's body. Indeed, they did not even have a key to access the decedent's apartment and were unaware that the decedent had died before the plaintiffs themselves discovered her body on January 28, 2009. Under these circumstances, NYCH and the CNR defendants did not unlawfully interfere with the next of kin's right to the immediate possession of the decedent's body for preservation and burial. Therefore, no cause of action to recover damages for loss of sepulcher lies (cf. Lando v State of New York, 39 NY2d 803, 805; Rugova v City of New York, 132 AD3d 220; Tinney v City of New York, 94 AD3d 417; Melfi v Mount Sinai Hosp., 64 AD3d 26).
We agree with the Supreme Court's determination to grant those branches of NYHC's and the CNR defendants' motions which were for summary judgment dismissing the cause of action to recover damages for negligent infliction of emotional distress insofar as asserted against each of them, and to deny that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against NYHC and the CNR defendants. "The threshold question in any negligence action is: does defendant owe a legally recognized duty of care to plaintiff?" (Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232; Fitzsimons v Brennan, 169 AD3d 873, 874 [internal quotation marks omitted]). If such a duty is found to exist, then a breach of that duty "resulting directly in emotional harm is compensable even though no physical injury occurred when the mental injury is a direct, rather than a consequential, result of the breach and when the claim possesses some guarantee of genuineness" (Ornstein v New York City Health & Hosps. Corp., 10 NY3d 1, 6 [citations and internal quotation marks omitted]).
Here, the plaintiffs failed to establish, prima facie, that NYHC or the CNR defendants owed the plaintiffs a duty to notify them that the decedent had missed home health aide appointments. While NYHC and the CNR defendants unquestionably owed the decedent a duty of care (see Ward v New Century Home Care, Inc., 172 AD3d 1434, 1435; Garcia v All Metro Health Care, 108 AD3d 742, 743; Esposito v Personal Touch Home Care, 288 AD2d 337, 338), the plaintiffs did not offer any admissible evidence establishing the existence of a separate duty running directly to them. Conversely, both NYHC and the CNR defendants established, prima facie, that they did not owe the plaintiffs a duty of care (see Johnson v Jamaica Hosp., 62 NY2d 523, 528; Yates v Genesee County Hospice Found., 278 AD2d 928; Oresky v Scharf, 126 AD2d 614), and the plaintiffs, in opposition, failed to raise a triable issue of fact.
Since the existence of a duty of care is also necessary to state a cause of action to recover damages for gross negligence (see East Meadow Driving School v Bell Atl. Yellow Pages Co., 273 AD2d 270, 271), we also agree with the Supreme Court's determination to grant those branches of NYHC's and the CNR defendants' motions which were for summary judgment dismissing the cause of action to recover damages for gross negligence insofar as asserted against [*3]each of them, and to deny that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against NYHC and the CNR defendants.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court