Cansev v City of New York (2020 NY Slip Op 04145)





Cansev v City of New York


2020 NY Slip Op 04145


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-06191
 (Index No. 23695/11)

[*1]Salih Cansev, respondent,
v
City of New York, appellant.


James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Eric Lee of counsel), for appellant.
James Greenberg, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of the common-law right of sepulcher, the defendant appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 27, 2017. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of the plaintiff's right of sepulcher.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 27, 2003, the plaintiff reported to the police that his 16-year-old son (hereinafter the decedent) was missing, and the New York City Police Department (hereinafter NYPD) commenced a missing person investigation. The decedent's body was found 10 days later on July 7, 2003. The Office of the Chief Medical Examiner (hereinafter OCME) conducted an autopsy, but the medical examiner incorrectly determined that the body belonged to a 25 to 30 year old Asian male. Therefore, the body was not identified as that of the decedent. Because the decedent's body remained unidentified, it was buried in the City public cemetery known as "Potter's Field" on Hart Island in the Bronx.
In 2008, the OCME formed a team to conduct an internal forensic review of cases of unidentified bodies. As part of this review, in 2009, the OCME created a DNA profile of the decedent using a blood sample taken during the autopsy. The DNA profile was uploaded to the federal Combined DNA Index System and the local OCME Missing Persons DNA databank. In September or October 2009, the plaintiff and his daughter, the decedent's sister, provided their DNA samples to the NYPD as part of the missing person investigation. On January 10, 2011, the OCME confirmed that the unidentified body buried in Potter's Field was that of the decedent. The OCME informed the NYPD of the identification so that the NYPD could notify the next of kin. Approximately one month after the OCME confirmed the identification of the decedent's body, on February 16, 2011, the NYPD notified the plaintiff of the identification, and further informed him that the decedent had drowned and that the body had been found on July 7, 2003. The next day, the plaintiff was informed by the OCME that the decedent had been buried in Potter's Field, but he was not informed of the exact location of the burial until 2015.
In 2011, the plaintiff commenced this action against the City of New York alleging, inter alia, a violation of the common-law right of sepulcher. The City moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court denied that branch of the City's motion which was for summary judgment dismissing the cause of action alleging a violation of the common-law right of sepulcher, and City appeals.
"The common-law right of sepulcher affords the deceased's next of kin an absolute right to the immediate possession of a decedent's body for preservation and burial . . ., and damages may be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body" (Shipley v City of New York, 25 NY3d 645, 653 [citation and internal quotation marks omitted]; see Martin v Ability Beyond Disability, 153 AD3d 695, 696-697). "Interference can arise either by unauthorized autopsy or by disposing of the remains inadvertently, or . . . by failure to notify the next of kin of the death" (Melfi v Mount Sinai Hosp., 64 AD3d 26, 39 [citations omitted]). We agree with the decision of the Appellate Division, First Department, in Rugova v City of New York that when a municipal defendant has all of the necessary identifying information, the obligation of informing the next of kin of the decedent's death is a ministerial function that creates a special duty running to the decedent's next of kin rather than to the public at large (see Rugova v City of New York, 132 AD3d 220, 231; see also Tinney v City of New York, 94 AD3d 417, 418; Melfi v Mount Sinai Hosp., 64 AD3d at 39). The Court of Appeals in Shipley clarified the distinction between a ministerial function, which includes a duty to notify the next of kin of the whereabouts of the decedent's body, as opposed to a discretionary function, such as determining when an autopsy is necessary and whether to remove and retain an organ for further examination and testing, where no or limited liability may exist (see Shipley v City of New York, 25 NY3d at 652).
Here, the City became aware of the identity of the decedent on January 10, 2011. However, the plaintiff was not notified of the decedent's death until February 16, 2011, and the City failed to produce the exact location of the decedent's remains until 2015. Thus, we agree with the Supreme Court that there are triable issues of fact as to whether the delays in informing the plaintiff that the decedent had been identified and in informing the plaintiff of the location of the decedent's burial interfered with the plaintiff's right of sepulcher (see Rugova v City of New York, 132 AD3d at 231; Melfi v Mount Sinai Hosp., 64 AD3d at 39). However, we note that triable issues of fact exist only with respect to the City's delay in notifying the plaintiff about the identification and the delay in informing him of the location of the burial. Therefore, the plaintiff is not entitled to damages with respect to the delay from the time the decedent was first reported missing in 2003 until the identity of the decedent's body was confirmed on January 10, 2011.
Accordingly, we agree with the Supreme Court's determination to deny that branch of the City's motion which was for summary judgment dismissing the cause of action alleging a violation of the common-law right of sepulcher.
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court