Williams v City of New York (2020 NY Slip Op 06374)





Williams v City of New York


2020 NY Slip Op 06374


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


Index No. 20788/10 Appeal No. 12267 Case No. 2019-3981 

[*1]Maurice Williams et al., Plaintiffs-Respondents,
v
The City of New York, et al., Defendants-Appellants.


James E. Johnson, Corporation Counsel, New York (Eric Lee of counsel), for appellants.
Kahn Gordon Timko & Rodriques, P.C., New York (Nicholas I. Timko of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J), entered on or about March 21, 2019, which, to the extent appealed from, denied the motion by defendants the City of New York, New York City Police Department, and Office of the Chief Medical Examiner (collectively, the City) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Contrary to the City's contention, it owed plaintiffs a special duty to inform them of decedent's death (see Rugova v City of New York, 132 AD3d 220, 230-231 [1st Dept 2015]). Moreover, under the circumstances of this case, a triable issue of fact exists as to whether the City had documents identifying decedent's next of kin so that its failure to notify family members of his death before disposing of his remains was ministerial, rather than discretionary as the City claims, thus giving rise to a viable action for loss of sepulcher (see Rugova, supra; Tinney v City of New York, 94 AD3d 417 [1st Dept 2012]) . Accordingly, the City's motion for summary judgment was properly denied. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020