Gutnick v Hebrew Free Burial Socy. for the Poor of the City of Brooklyn (2021 NY Slip Op 05696)





Gutnick v Hebrew Free Burial Socy. for the Poor of the City of Brooklyn


2021 NY Slip Op 05696


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2019-08361
 (Index No. 509579/15)

[*1]Jenny Gutnick, respondent, 
v
Hebrew Free Burial Society for the Poor of the City of Brooklyn, etc., et al., appellants, et al., defendants (and a third-party action).


Lewis Johs Avallone Aviles, LLP, Islandia, NY (Jason T. Katz of counsel), for appellant Hebrew Free Burial Society for the Poor of the City of Brooklyn.
Churbuck Calabria, P.C., Hicksville, NY (Nicholas P. Calabria of counsel), for appellant Parkside Memorial Chapels, Inc.
Weiser McCarthy, New York, NY (David Weiser of counsel), for appellant Capitol Funeral Service of New York.
Kahn Gordon Timko & Rodriques, P.C., New York, NY (Nicholas I. Timko of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of the common-law right of sepulcher, the defendants Hebrew Free Burial Society for the Poor of the City of Brooklyn, doing business as The Hebrew Free Burial Association, Parkside Memorial Chapels, Inc., and Capitol Funeral Service of New York separately appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated June 28, 2019. The order denied those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
Following the death of Grigoriy Gutnikov (hereinafter the decedent), the plaintiff, who was the decedent's daughter, contacted the defendant Hebrew Free Burial Society for the Poor of the City of Brooklyn, doing business as The Hebrew Free Burial Association (hereinafter HFBA), which agreed to arrange the funeral for the decedent and to bury him at its Staten Island cemetery.
HFBA is a nonprofit corporation that provides traditional Jewish funeral services for the indigent. The defendant Capitol Funeral Service of New York (hereinafter Capitol) is the funeral home for HFBA. The decedent's body was held at the Brooklyn facility of the defendant Parkside Memorial Chapels, Inc. (hereinafter Parkside), prior to his funeral and burial.
Rabbi Stephen Plafker, an employee of HFBA, presided over three funerals on April 13, 2014, including the funeral intended for the decedent, which was the third funeral. According to the plaintiff's deposition testimony, after Plafker concluded the reading intended for the decedent at the graveside, the plaintiff allegedly noticed that the casket had a sticker with a name on it that did [*2]not match the decedent's name. The plaintiff asked Plafker to open the casket to confirm that the body inside was that of the decedent. Plafker opened the casket and there was a woman's body inside. According to the plaintiff, she asked Plafker where the decedent was and Plafker said he did not know. Plafker testified at his deposition that he thereafter directed that the casket from the second funeral that had occurred earlier that day be disinterred. When that casket was opened, the plaintiff identified the body as the decedent's body. The plaintiff chose to have the decedent buried in the grave originally intended for him, and Plafker performed a second funeral service for the decedent.
In 2015, the plaintiff commenced this action against HFBA, Capitol, and Parkside (hereinafter collectively the appellants), among others, seeking, inter alia, to recover damages for violation of the common-law right of sepulcher. The appellants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. By order dated June 28, 2019, the Supreme Court denied the appellants' motions. The appellants separately appeal.
"The common-law right of sepulcher affords the deceased's next of kin an absolute right to the immediate possession of a decedent's body for preservation and burial . . . , and damages may be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body" (Shipley v City of New York, 25 NY3d 645, 653 [internal quotation marks omitted]; see Turner v Owens Funeral Home, Inc., 189 AD3d 911, 912; Cansev v City of New York, 185 AD3d 894, 895; Green v Iacovangelo, 184 AD3d 1198, 1200). "Interference can arise either by unauthorized autopsy, or by disposing of the remains inadvertently, or . . . by failure to notify next of kin of the death" (Melfi v Mount Sinai Hosp., 64 AD3d 26, 39 [citations omitted]; see Fox v Mark, 181 AD3d 560, 564). "The right itself is less a quasi-property right and more the legal right of the surviving next of kin to find solace and comfort in the ritual of burial" (Shipley v City of New York, 25 NY3d at 653 [internal quotation marks omitted]; see Fox v Mark, 181 AD3d at 564; Martin v Ability Beyond Disability, 153 AD3d 695, 697).
"To establish a cause of action for interference with the right of sepulcher, [a] plaintiff
must establish that: (1) plaintiff is the decedent's next of kin; (2) plaintiff had a right to possession of the remains; (3) defendant interfered with plaintiff's right to immediate possession of the decedent's body; (4) the interference was unauthorized; (5) plaintiff was aware of the interference; and (6) the interference caused plaintiff mental anguish" (Turner v Owens Funeral Home, Inc., 189 AD3d at 912-913, quoting Green v Iacovangelo, 184 AD3d at 1200).
Here, the appellants failed to establish, prima facie, that the plaintiff does not have a claim for loss of sepulcher under the facts of this case (see generally Cansev v City of New York, 185 AD3d at 895; cf. Fox v Mark, 181 AD3d at 564; Toppin v Town of Hempstead, 121 AD3d 883, 884). Viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, during the funeral service and burial intended for the decedent, the plaintiff became aware that the decedent's body was not in the casket and the decedent's body was not located for some period of time. Accordingly, the appellants failed to establish, prima facie, that their alleged actions or inactions did not interfere with the plaintiff's possession of the decedent's body and her right to find "solace and comfort in the ritual of burial" (Shipley v City of New York, 25 NY3d at 653 [internal quotation marks omitted]; Zhuangzi Li v New York Hosp. Med. Ctr. of Queens, 147 AD3d 1115, 1117).
On appeal, Parkside additionally contends that summary judgment dismissing the complaint insofar as asserted against it should have been awarded because it never had possession of the decedent's body and did not interfere with the plaintiff's right to possession of the decedent's body. Although Parkside established, prima facie, that it did not have possession of the decedent's body by submitting, inter alia, a copy of the deposition transcript of Amy Koplow, the executive director of HFBA, in which she testified that HFBA's agreement with Parkside was "basically rental," wherein HFBA paid Parkside rent to use its facility (see Fox v Mark, 181 AD3d at 564), in opposition, the plaintiff raised triable issues of fact. The plaintiff submitted transcripts of deposition [*3]testimony and copies of incident reports that raised triable issues of fact as to whether a temporary grave marker with the decedent's name was mistakenly placed on the casket containing a woman's body while the casket was at Parkside's facility. Deposition testimony further raised triable issues of fact as to whether the livery drivers who transported the caskets from Parkside's facility to the cemetery had the access code to Parkside's facility and would have been able to remove remains without someone from Parkside being present, and whether Parkside employees may have assisted with identifying and loading the caskets for the funerals at issue. In addition, while evidence was submitted that it was not the practice to log in remains brought to Parkside on behalf of HFBA, the decedent's body was listed in Parkside's log book for the date of the funeral. Accordingly, the Supreme Court properly denied Parkside's motion for summary judgment dismissing the complaint insofar as asserted against it.
HFBA's additional contentions that it established, prima facie, that it fulfilled its obligations to the plaintiff and that it cannot be liable for the alleged negligence of third parties are without merit, as HFBA failed to establish that its own actions or inactions did not violate the plaintiff's right of sepulcher. Accordingly, the Supreme Court properly denied HFBA's motion for summary judgment dismissing the complaint insofar as asserted against it without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We note that on appeal, Capitol has abandoned its argument that it did not contribute to the happening of the occurrence (see Pierce v Village of Horseheads Police Dept., 107 AD3d 1354, 1357; Duffy v Suffolk County High School Hockey League, 289 AD2d 368, 369-370; Savage v Oyster Bay Columbians, 244 AD2d 472, 473; Heilmann v Bronx Riv. Assoc., 204 AD2d 393, 395), and for the reasons set forth above, Capitol failed to establish, prima facie, that the plaintiff does not have a claim for violation of the right of sepulcher under the facts of this case. Accordingly, the Supreme Court properly denied Capitol's motion for summary judgment dismissing the complaint insofar as asserted against it without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Finally, the plaintiff requests that this Court search the record and award her summary judgment on the issue of liability against the appellants and the nonappealing defendants. Although this Court has the authority to search the record and award summary judgment in favor of a nonmoving party even in the absence of a cross appeal by that party with respect to an issue that was the subject of the motions before the Supreme Court (see CPLR 3212[b]; Dunham v Hilco Const. Co., Inc., 89 NY2d 425, 429-430; Mack v Brown, 82 AD3d 133, 142; Goldstein v County of Suffolk, 300 AD2d 441, 442), we decline to do so here because there are triable issues of fact with respect to each of the appellants' potential liability to the plaintiff (see Turner v Owens Funeral Home, Inc., 189 AD3d at 913; Zhuangzi Li v New York Hosp. Med. Ctr. of Queens, 147 AD3d at 1117). Further, since the issue of whether the nonappealing defendants were liable to the plaintiff was not before the Supreme Court, we do not address it here (see Dunham v Hilco Const. Co., Inc., 89 NY2d at 429; Cerbone v Lauriano, 170 AD3d 942, 943; Rodriguez v Sol Goldman Invs., LLC, 115 AD3d 659, 660).
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court