Marinelli v New York Methodist Hosp. (2022 NY Slip Op 02993)

Marinelli v New York Methodist Hosp.

2022 NY Slip Op 02993

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-12219
 (Index No. 1946/15)

[*1]Lily Marinelli, etc., et al., appellants,
v
New York Methodist Hospital, respondent.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Brian McCarthy of counsel), for appellants.
Wilson Elser Moskowitz Edelma & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for violation of the common-law right of sepulcher, the plaintiffs appeal from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated July 24, 2019. The order, insofar as appealed from, granted the defendant's cross motion, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action to recover damages allegedly sustained in connection with an autopsy that was performed on the plaintiffs' decedent by the defendant, which operated as a hospital. The complaint asserted two causes of action against the defendant.
The first cause of action sought to recover damages for "violation of the plaintiffs' right of sepulcher." The first cause of action alleged that the plaintiffs were "deprived . . . of the right to choose and control the burial, cremation, or other final disposition of the decedent's remains." Specifically, the first cause of action alleged that the defendant "negligently retained the organs of the decedent without the knowledge or consent of the plaintiffs" and that the defendant also "negligently disposed of the organs of the decedent without the knowledge or consent of the plaintiffs."
The second cause of action alleged that the defendant "failed to inform plaintiffs[ ] that the decedent's organs would be disposed of . . . following the completion of the autopsy" and that the defendant "failed to obtain informed consent" for the autopsy that was performed.
As relevant here, the defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint. The plaintiff opposed the defendant's cross motion. In the order appealed from, dated July 24, 2019, the Supreme Court granted the defendant's cross motion. The plaintiffs appeal. We affirm the order insofar as appealed from.
On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, "the pleading is to be afforded a liberal construction" (Leon v Martinez, 84 NY2d 83, 87, citing CPLR 3026). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in [*2]support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142; see Myers v Schneiderman, 30 NY3d 1, 11). The facts alleged in the complaint must be accepted as true, and the plaintiff is entitled to receive the benefit "of every possible favorable inference" (Leon v Martinez, 84 NY2d at 87).
However, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration, nor to that arguendo advantage" (Maas v Cornell Univ., 94 NY2d 87, 91 [internal quotation marks omitted]; see Simkin v Blank, 19 NY3d 46, 52). In addition, where, as here, evidentiary material is considered in connection with a motion to dismiss for failure to state a cause of action, dismissal should not eventuate "unless it has been shown that a material fact as claimed by the pleader . . . is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 130; Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852).
The complaint in this case sought to recover damages for violation of the plaintiffs' common-law right of "sepulcher." "The common-law right of sepulcher affords the deceased's next of kin an absolute right to the immediate possession of a decedent's body for preservation and burial . . . and damages may be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body" (Shipley v City of New York, 25 NY3d 645, 653 [internal quotation marks omitted]; see Gutnick v Hebrew Free Burial Socy. for the Poor of the City of Brooklyn, 198 AD3d 880, 882; Turner v Owens Funeral Home, Inc., 189 AD3d 911, 912; Cansev v City of New York, 185 AD3d 894, 895; Green v Iacovangelo, 184 AD3d 1198, 1200). "Interference can arise either by unauthorized autopsy, or by disposing of the remains inadvertently, or . . . by failure to notify next of kin of the death" (Melfi v Mount Sinai Hosp., 64 AD3d 26, 39 [citations omitted]; see Gutnick v Hebrew Free Burial Socy. for the Poor of the City of Brooklyn, 198 AD3d at 882; Cansev v City of New York, 185 AD3d at 895; Fox v Mark, 181 AD3d 560, 564).
Here, the complaint failed to state a cause of action to recover damages for violation of the common-law right of sepulcher. It is undisputed that the body of the decedent was returned to the plaintiffs after the autopsy was completed, and the complaint does not allege otherwise. As the Court of Appeals has clarified: "Because the right of sepulcher is premised on the next of kin's right to possess the body for preservation and burial (or other proper disposition), and is geared toward affording the next of kin solace and comfort in the ritual of burying or otherwise properly disposing of the body, it is the act of depriving the next of kin of the body, and not the deprivation of organ or tissue samples within the body, that constitutes a violation of the right of sepulcher" (Shipley v City of New York, 25 NY3d at 653-654).
Furthermore, although "Public Health Law § 4214 . . . imposes an affirmative duty to seek consent before doing an autopsy" (Rugova v City of New York, 132 AD3d 220, 226; see Bambrick v Booth Mem. Med. Ctr., 190 AD2d 646, 647-648), the defendant here submitted a consent form (hereinafter the consent form) in support of its cross motion, which was executed by the plaintiff Vito Marinelli (hereinafter Vito) as the father of the decedent and the "Next of Kin" on February 22, 2012, at 11:09. The consent form stated that Vito authorized the defendant "to perform a post-mortem examination on the remains of [the decedent] for the purposes of ascertaining the cause of death and furthering medical knowledge." The consent form specifically "authorize[d] the examination, retention and/or disposal of [the decedent's] organs and/or tissue, as [the defendant] may consider necessary or appropriate for such purpose."
The consent form included boxes which allowed a signatory to restrict the scope of authority granted to the defendant in connection with the autopsy. As relevant here, the box which stated, "Organs to be returned to the decedent" was not selected on the consent form. Rather, the box on the consent form which authorized the defendant to perform a "Full Autopsy" with "No Restrictions" was selected. Above Vito's signature, the consent form stated "I have been given the opportunity to ask questions and all questions have been answered fully and satisfactorily."
Under the circumstances, the consent form, which was concededly executed prior to the decedent's autopsy, demonstrated that "a material fact as claimed by the pleader . . . is not a fact at all" (Guggenheimer v Ginzburg, 43 NY2d at 275). The consent form "flatly contradicted" (Maas v Cornell Univ., 94 NY2d at 91 [internal quotations marks omitted]), the plaintiffs' allegations that the defendant retained and disposed of the organs of the decedent "without the knowledge or consent" of the plaintiffs. The additional allegations in the complaint that the defendant "failed to obtain informed consent" were also "flatly contradicted" by the consent form (id. [internal quotation marks omitted]; see Johnson v Staten Is. Med. Group, 82 AD3d 708, 709). The consent form explicitly conferred upon the defendant the authority to retain and dispose of the decedent's organs so long as the defendant considered such actions "appropriate" for the stated purpose of the autopsy, which included the general goal of "furthering medical knowledge." The consent form thereby conferred "discretionary" authority on the defendant to determine "whether to remove and retain an organ for further examination and testing" (Cansev v City of New York, 185 AD3d at 896; cf. Zhuangzi Li v New York Hosp. Med. Ctr. of Queens, 147 AD3d 1115, 1117). In short, "the autopsy in this instance . . . was plainly authorized" (Shipley v City of New York, 25 NY3d at 654).
On appeal, the plaintiffs contend that the Supreme Court ignored their allegation that the defendant's agents or employees "expressly stated" that the decedent's organs would not be removed during the autopsy. The plaintiffs contend that the consent form was signed based on their understanding that the organs would not be removed under any circumstance. However, any such oral understanding or verbal assurance was inconsistent with the explicit written authority granted to the defendant in the consent form that was subsequently executed on behalf of the decedent, and legally insufficient to alter or contradict those plain terms (see Johnson v Cheney Bros., 277 App Div 656, 657-659; Baron v M. Lowenstein & Sons, Inc., 275 App Div 805, 806, affd 300 NY 530; cf. Poel v Brunswick-Balke-Collender Co. of N.Y., 216 NY 310, 315; Skelly v Visiting Nurse Assn. of Capital Region, 210 AD2d 683, 685). A consent form must generally be "construed according to the rules of contract interpretation" (Matter of Banos v Rhea, 25 NY3d 266, 276). "In the circumstances, [any such] prior oral [agreement] must be deemed to have been superseded by the writing" (Schoenfeld v Modern Silver Linen Supply Co., Inc., 279 App Div 49, 50; accord Woodmere Academy v Steinberg, 41 NY2d 746, 750; see generally Restatement [Second] of Contracts § 213, Comments a, b; 11 Richard A. Lord, Williston on Contracts § 33:45 [4th ed]; Richard A. Lord, Williston on Contracts § 70:136 [4th ed]; 6 Corbin on Contracts § 25.2, at 3 [2022]).
Since, on this record, the factual allegations in the complaint "do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 142), the Supreme Court properly granted that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. The plaintiffs do not advance any other grounds for the reversal or modification of the order appealed from. Accordingly, we affirm the order insofar as appealed from (see generally Wells Fargo Bank v Islam, 174 AD3d 670, 672).
MILLER, J.P., MALTESE, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court