Taylor v New York City Health & Hosps. Corp. (2025 NY Slip Op 51077(U))

[*1]

Taylor v New York City Health & Hosps. Corp.

2025 NY Slip Op 51077(U)

Decided on July 7, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 7, 2025
Supreme Court, Kings County

Kenisha Taylor, Plaintiff,

against
New York City Health and Hospitals Corporation, Defendant.

Index No. 509791/2017

Harris, Keenan & Goldfarb PLLC, New York City (Stephen LaRocca of counsel) for Plaintiff.
Andrea Cohen, General Counsel, NYC Health And Hospitals Corp., New York City (Deborah Meyer of counsel) for Defendant.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 23-48.
Upon the foregoing papers and having heard oral argument on the record, the within motion is determined as follows.
Issue
Did Defendant New York City Health and Hospitals Corporation unlawfully interfere with Plaintiff Kenisha Taylor's common-law right of sepulcher, where Plaintiff had signed valid burial consent forms, was notified of the location of fetal remains, and failed to take steps to retrieve them after being informed of their availability?
Introduction
On November 9, 2016, Plaintiff gave birth to two premature twin infants at Kings County Hospital ("the Hospital"). The infants were born at twenty-one weeks old and died shortly after birth. Within two hours of giving birth, the infants' remains were collected and sent from the morgue to the Pathology Department at the Hospital for a histopathological examination and [*2]preservation. The infants' remains were kept in separate containers with labels showing Plaintiff's date of birth, date and time of collection, and the specimen number. Later in the day on November 9, 2016, Plaintiff requested a city burial after speaking with a nurse and the doctor on duty. Following this discussion, Plaintiff signed individual consent forms ("Authorization for City Burial of Fetus") for each infant, which gave the Hospital the authority and custody of the infants' remains.
On November 10, 2016, the day after the infants' deaths, Plaintiff requested information about baptizing the infants prior to their burial. However, Plaintiff was aware that once an infant dies clergy will not baptize; she had this issue come up before. On November 11, 2016, Plaintiff was discharged from the Hospital and was told that the remains were in the morgue. Plaintiff made no attempt to contact the morgue at the Hospital. After Plaintiff was discharged, she spoke with a bereavement counselor, who mistakenly informed Plaintiff that the remains could not be located.
In May 2017, Plaintiff brought this action against Defendant, alleging that she was deprived of her absolute right of sepulcher to perform such necessary, customary, and traditional funeral and burial customs, ceremonies, and procedures for her nonviable twin fetuses. As a result, according to Plaintiff, she was caused to suffer mental and emotional distress.
Defendant now moves for summary judgment pursuant to CPLR 3212 to dismiss Plaintiff's complaint in its entirety.
Discussion
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]).
Defendant's Burden Has Been Met Pursuant to CPLR 3212 Because Plaintiff Failed to Prove Loss of Sepulcher
Defendant has established a prima facie case entitling them to summary judgment. It is uncontested that Plaintiff signed a form relinquishing her right to the infants' remains, even though Plaintiff was under the mistaken belief that the infants' remains were missing due to a miscommunication.
As stated in Gutnick v Hebrew Free Burial Socy. for the Poor of the City of Brooklyn [*3](198 AD3d 880, 882 [2d Dept 2021] [citations and internal quotation marks omitted]), "The common-law right of sepulcher affords the deceased's next of kin an absolute right to the immediate possession of a decedent's body for preservation and burial . . . and damages may be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body. Interference can arise either by unauthorized autopsy, or by disposing of the remains inadvertently, or . . . by failure to notify next of kin of the death." "The right itself is less a quasi-property right and more the legal right of the surviving next of kin to find solace and comfort in the ritual of burial" (id.).
The Court in Gutnick also discussed the legal standard for a party seeking a loss of sepulcher. In order for a party to establish a cause of action for interference with the right of sepulcher, a plaintiff must establish that "(1) plaintiff is the decedent's next of kin; (2) plaintiff had a right to possession of the remains; (3) defendant interfered with plaintiff's right to immediate possession of the decedent's body; (4) the interference was unauthorized; (5) plaintiff was aware of the interference; and (6) the interference caused plaintiff mental anguish" (id.).
According to the affidavit of Dr. Maxim Agaronov, the fetal remains were preserved in a fixative material similar to embalming fluid, placed in individually labeled containers, and continuously stored in the Pathology Department starting on November 9, 2016. Defendant submits correspondence between Plaintiff and the Hospital, showing that Plaintiff's counsel was informed in May 2017 that the remains were available for retrieval. Plaintiff never made any effort to retrieve the remains after learning of their whereabouts.
This evidence negates the "interference" element necessary to support a common-law right of sepulcher claim here. Additionally, Defendant alleges that Plaintiff made no attempt to retrieve the remains, did not request a DNA test, and did not initiate arrangements for burial despite being informed of the existence of the remains. These undisputed facts demonstrate that no unlawful interference occurred (cf. Zhuangzi Li v New York Hosp. Med. Ctr. of Queens, 147 AD3d 1115 [2d Dept 2017]). As stated above, to establish a cause of action for the violation of the right of sepulcher, the plaintiff must demonstrate that the defendant's conduct interfered with the next of kin's immediate possession of the decedent's body and that the interference caused mental anguish. Here, Plaintiff did not demonstrate that Defendant's conduct interfered with the next of kin's immediate possession of the decedents' bodies or that such interference caused mental anguish, because Plaintiff did not concern herself with the infants' remains by attempting to retrieve them, requesting DNA tests, or doing anything else of that nature, even though Plaintiff was informed of their availability through correspondence. Close to a decade later, Plaintiff has done nothing to claim the remains after signing them over to the Hospital.
Plaintiff's Common Law Right to Sepulcher Has Not Been Violated
Plaintiff relies on the case of Cansev v City of New York (185 AD3d 894 [2d Dept 2020]), where the plaintiff's 16-year-old son was reported missing in 2003. His body was found days later but was misidentified by the medical examiner, resulting in the burial of an unidentified person. In 2011, DNA evidence confirmed the body's identity, but the plaintiff was not notified until over a month later and did not learn of the exact burial location until 2015 (see id. at 895). The plaintiff sued the City of New York for violating his common-law right of sepulcher due to delays in notification and disclosure (id.).
However, the facts of Cansev are distinguishable from those in the case at hand. In [*4]Cansev, the City of New York delayed identifying the remains for more than four years, and the plaintiff did not know of the burial site until long after the burial (id. at 895). In the instant case, the remains were neither lost nor buried; they remained accessible, undisturbed, and properly stored.[FN1]
Moreover, Plaintiff was informed within months of her delivery and years prior to this motion what exactly transpired. Further, Plaintiff's own testimony and correspondence with her attorneys confirms that she knew of the status of the infants' remains in 2017.
In addition, Plaintiff signed two burial consent forms which were valid and not revoked. When Plaintiff signed these consent forms, she signed away her claim to the remains of the decedents, thus negating her common-law right of sepulcher claim. Although Plaintiff claims that she was under emotional duress and taking medication at the time, she provides no medical evidence or legal authority to revoke her consent. Defendant therefore did not "interfere" with Plaintiff's right to bury the deceased, as Defendant was given legal consent to the possession of the infants' remains.
Additional Claims
To the extent that Plaintiff's complaint can be read to also claim lack of consent and negligent hiring, training, supervision, and retention, there was a failure to state a cause of action. Lack of informed consent relates to invasive elective procedures on a living person, and cannot be applied to performing the routine post-birth examination of fetal remains. There is no evidence that the Hospital staff members acted outside the scope of their employment in handling the fetal remains.
Conclusion
Based on the provided evidence, Defendant has demonstrated the absence of any interference with Plaintiff's common-law right of sepulcher or of any other cause of action. The law requires not merely a subjective sense of loss but actual interference or mishandling of the remains. Plaintiff was informed that the fetal remains were preserved, and there is no indication that Plaintiff was denied access or that the remains were mishandled in any way. Thus, Plaintiff's allegations are not supported by sufficient evidence to raise an issue of fact for trial (see Marinelli v New York Methodist Hosp., 205 AD3d 710 [2d Dept 2022]). More than eight years after the fetuses were born, Plaintiff still has not yet retrieved them — even after Plaintiff yielded custody of the remains to the Hospital for burial and was told that nonetheless they were available to be picked up by her. There are no material issues of fact, Plaintiff has not rebutted Defendant's prima facie case, and Plaintiff was not deprived of the right to bury her fetuses.
Accordingly, it is hereby ORDERED as follows:
Defendant's motion for summary judgment is GRANTED, and the complaint is dismissed in its entirety. The Clerk shall enter judgment accordingly.

Footnotes

Footnote 1:In Cansev, the Second Department held that because "the City became aware of the identity of the decedent on January 10, 2011," and because "the plaintiff was not notified of the decedent's death until February 16, 2011, and the City failed to produce the exact location of the decedent's remains until 2015," it was correctly held that "there [were] triable issues of fact as to whether the delays in informing the plaintiff that the decedent had been identified and in informing the plaintiff of the location of the decedent's burial interfered with the plaintiff's right of sepulcher" (id. at 896).