James v Office of the Chief Med. Examiner (2025 NY Slip Op 04711)

James v Office of the Chief Med. Examiner

2025 NY Slip Op 04711

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-05779
 (Index No. 702807/20)

[*1]Cynthia James, etc., respondent,
v
Office of the Chief Medical Examiner, et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Chloé K. Moon of counsel), for appellants.
Harris Keenan & Goldfarb PLLC, New York, NY (Jason Steinberg and Valentine Wallace of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for violation of the common-law right of sepulcher, the defendants appeal from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated February 27, 2024. The order denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is granted.
The plaintiff's decedent, James Everett, died on January 15, 2019. On January 27, 2019, the decedent's remains were transferred to the Office of the Chief Medical Examiner (hereinafter OCME). On May 10, 2019, an OCME investigator identified the plaintiff as the decedent's next-of-kin and informed the plaintiff by telephone of the decedent's death. OCME informed the plaintiff that the decedent's remains could be released to her via a funeral home of her choice or, alternatively, buried by the City of New York in the City's public cemetery known as "Potter's Field." On May 24, 2019, the plaintiff requested a burial by the City. The decedent's remains were buried in Potter's Field on Hart's Island on June 13, 2019.
In February 2020, the plaintiff commenced this action, inter alia, to recover damages for violation of the common-law right of sepulcher. The defendants moved, among other things, for summary judgment dismissing the complaint. In opposition, the plaintiff contended, inter alia, that she was not informed of the decedent's burial, nor was she informed of the precise location of the decedent's burial plot within Potter's Field until nearly one year after the burial. The plaintiff argued that the defendants' delay in informing her of the time and location of the decedent's burial violated her common-law right of sepulcher. By order dated February 27, 2024, the Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. The defendants appeal.
"The common-law right of sepulcher affords the deceased's next of kin an absolute right to the immediate possession of a decedent's body for preservation and burial . . . , and damages may be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body" (Shipley v City of New York, 25 NY3d 645, 653 [internal quotation marks [*2]omitted]; see Marinelli v New York Methodist Hosp., 205 AD3d 710, 711). "'Interference can arise either by unauthorized autopsy or by disposing of the remains inadvertently, or . . . by failure to notify the next of kin of the death'" (Cansev v City of New York, 185 AD3d 894, 895, quoting Melfi v Mount Sinai Hosp., 64 AD3d 26, 39). "To establish a cause of action for interference with the right of sepulcher, [a] plaintiff must establish that: (1) plaintiff is the decedent's next of kin; (2) plaintiff had a right to possession of the remains; (3) defendant interfered with plaintiff's right to immediate possession of the decedent's body; (4) the interference was unauthorized; (5) plaintiff was aware of the interference; and (6) the interference caused plaintiff mental anguish" (Turner v Owens Funeral Home, Inc., 189 AD3d 911, 912-913 [internal quotation marks omitted]; see Gutnick v Hebrew Free Burial Socy. for the Poor of the City of Brooklyn, 198 AD3d 880, 882). "Because the right of sepulcher is premised on the next of kin's right to possess the body for preservation and burial (or other proper disposition), and is geared toward affording the next of kin solace and comfort in the ritual of burying or otherwise properly disposing of the body, it is the act of depriving the next of kin of the body . . . that constitutes a violation of the right of sepulcher" (Shipley v City of New York, 25 NY3d at 653-654).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that their alleged actions or inactions did not interfere with the plaintiff's right to immediate possession of the decedent's remains (see id.; cf. Cansev v City of New York, 185 AD3d 894, 896). In opposition, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court