Delaney v Roman (2026 NY Slip Op 01336)

Delaney v Roman

2026 NY Slip Op 01336

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2021-06329
 (Index No. 1857/15)

[*1]Kim Delaney, etc., et al., appellants-respondents,
vJonathan Roman, et al., defendants, Ronald Dandrea, respondent-appellant.

Abrams Fensterman, LLP, Lake Success, NY (Brian Thomas McCarthy of counsel), for appellants-respondents.
Ansanelli Law Group, LLP, Amityville, NY (Mark E. Goidell of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for interference with the common-law right of sepulcher, the plaintiffs appeal, and the defendant Ronald Dandrea cross-appeals, from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated July 13, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant Ronald Dandrea which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the cross-appeal is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Ronald Dandrea.
The plaintiffs' father (hereinafter the decedent) was murdered by the decedent's nephew, the defendant Jonathan Roman, and the decedent's body was hidden in a basement for several days before it was moved from New Hyde Park to Coram and buried in a wooded lot behind Jonathan's home. The plaintiffs allege that the defendant Ronald Dandrea, the father-in-law of the defendant Stanley Roman, Jonathan's brother, interfered with the police investigation and delayed the recovery of the decedent's body by one day as part of a conspiracy to cover up the murder. The plaintiffs commenced this action against, among others, Dandrea, inter alia, to recover damages for interference with the common-law right of sepulcher, intentional infliction of emotional distress, and negligent infliction of emotional distress. Dandrea moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him. In an order dated July 13, 2021, the Supreme Court, inter alia, granted that branch of the motion. The plaintiffs appeal, and Dandrea cross-appeals.
Initially, Dandrea's cross-appeal from the order must be dismissed as abandoned, as he does not seek a reversal of any portion of the order in his brief (see Washington v County of Nassau, 176 AD3d 903, 904).
"The common-law right of sepulcher affords the deceased's next of kin an absolute right to the immediate possession of a decedent's body for preservation and burial . . . and damages may be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body" (Marinelli v New York Methodist Hosp., 205 AD3d 710, 711 [internal quotation marks omitted]; see Shipley v City of New York, 25 NY3d 645, 653). "To establish a cause of action for interference with the right of sepulcher, [a] plaintiff must establish that: (1) plaintiff is the decedent's next of kin; (2) plaintiff had a right to possession of the remains; (3) defendant interfered with plaintiff's right to immediate possession of the decedent's body; (4) the interference was unauthorized; (5) plaintiff was aware of the interference; and (6) the interference caused plaintiff mental anguish" (Turner v Owens Funeral Home, Inc., 189 AD3d 911, 912-913 [internal quotation marks omitted]; see Gutnick v Hebrew Free Burial Socy. for the Poor of the City of Brooklyn, 198 AD3d 880, 882). "[T]o recover for emotional injuries caused by interference with the right of sepulcher, a plaintiff must demonstrate that the injuries were the natural and proximate consequence of some wrongful act or neglect on the part of the one sought to be charged" (Turner v Owens Funeral Home, Inc., 189 AD3d at 913).
Here, the evidence submitted by Dandrea established, prima facie, that he had not engaged in any wrongful act or neglect that interfered with the plaintiffs' common-law right to recover the decedent's remains (see id.). In opposition, the plaintiffs relied on mere surmise, suspicion, speculation, and conjecture, which are insufficient to defeat a motion for summary judgment (see Agulnick v Agulnick, 191 AD3d 12, 16; Nerey v Greenpoint Mtge. Funding, Inc., 144 AD3d 646, 648).
Dandrea also established his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging intentional infliction of emotional distress insofar as asserted against him. "The tort has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (Joo Tae Yoo v Choi, 210 AD3d 1062, 1064 [internal quotation marks omitted]; see Lynch Dev. Assoc., Inc. v Johnson, 219 AD3d 1328, 1330). "The element of extreme and outrageous conduct is essential, in that liability will only be imposed when the conduct is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" (Joo Tae Yoo v Choi, 210 AD3d at 1064, quoting Howell v New York Post Co., 81 NY2d 115, 122). Here, Dandrea established that his conduct, as a matter of law, cannot be characterized as so "extreme and outrageous" that it exceeded "all possible bounds of decency" (Howell v New York Post Co., 81 NY2d at 121; see Lea v McNulty, 227 AD3d 971, 974). In opposition, the plaintiffs failed to raise a triable issue of fact.
A cause of action to recover damages for negligent infliction of emotional distress "generally must be premised upon the breach of a duty owed to [the] plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety" (Lea v McNulty, 227 AD3d at 973 [internal quotation marks omitted]). Dandrea established, prima facie, that he did not owe the plaintiffs a duty of care (see Fox v Mark, 181 AD3d 560, 564). In opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs' remaining contention is without merit.
Accordingly, the Supreme Court properly granted that branch of Dandrea's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court